CHRISTOPHER HARRISON
204 Schoolhouse Lane
Grasonville, Maryland 21638      \*    IN THE CIRCUIT COURT

      Plaintiff                      \*    FOR

v.                                    \*    QUEEN ANNE'S COUNTY,

CAPITAL ONE, N.A.
P.O. Box 30285                  \*
Salt Lake City, UT 84130-0285         MARYLAND
                                        \*

*Serve On:*
*CSC Lawyers Incorporating Service*    \*
*7 St. Paul Street, Suite 820*
*Baltimore, Maryland 21202*          \*
                                           Case No. 17-C-15-20379

and                                  \*

JP MORGAN CHASE BANK, N.A.     \*
1111 Poloris Parkway
Columbus, Ohio, 43240              \*

*Serve On:*                            \*
*The Corporation Trust, Inc.*
*351 W. Camden Street*             \*
*Baltimore, Maryland 21201*
                                        \*

      *Defendant*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY AND MONETARY RELIEF AND NOTICE OF PRAYER FOR ATTORNEYS' FEES AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, Christopher Harrison, by and through Nevin L. Young, Elizabeth M. Burlington, and Burlington & Young, LLP, and sues the Defendants, and states:

### Facts Common to All Counts

1

1. The Plaintiff is a resident of Queen Anne's County, Maryland, who is employed by Prince George's County as a firefighter.

2. The Plaintiff was engaged to be married to a woman named Kristy Marie Strock, a/k/a Kristy Marie Nettles, who has now relocated to the State of South Carolina, where she is originally from. However, until the summer of 2015, Ms. Strock resided with the Plaintiff in Grasonville, Maryland.

3. In the early summer of 2015, Plaintiff first began receiving collection communications about a debt allegedly owed to American Express Bank. Plaintiff believed that those calls were fraudulent, because he knew he had not opened any accounts with American Express.

4. Ms. Strock represented to the Plaintiff that she had obtained a lawyer, Amy Gaffney, Esquire, purported to be licensed in both South Carolina and Maryland, to represent him in that matter.

5. Ms. Strock forwarded to the Plaintiff emails purporting to be from Ms. Gaffney, assuring him that the matter was being taken care of and that a Notice of Intention to Defend had been filed in the American Express debt case.

6. However, such was not actually the case, and after the Plaintiff received a Notice that a judgment had been entered against him in the American Express case, he began calling Ms. Gaffney directly. It took about a week for him to hear from Ms. Gaffney, whereupon he learned that although there is a lawyer in South Carolina named Amy Gaffney, she is not licensed in Maryland, had never heard of the Plaintiff or of

2

Kristy Strock, and had no knowledge of the matter whatsoever. She further informed the Plaintiff that the emails purporting to be from her office were complete forgeries.

7. The Plaintiff also subsequently learned that the bills for the account fraudulently opened in his name were being mailed to Ms. Strock, and that fraudulent accounts were also opened in his name with Sears, Victoria's Secret, and Defendants herein, JP Morgan Chase Bank, N.A., and Capital One, N.A.

8. The only reasonable conclusion that can be drawn from this series of events is that Ms. Strock stole the Plaintiff's identity and then even covered up the fraud for a longer period of time by pretending to have engaged a lawyer to represent Plaintiff when he was sued by American Express. This conclusion is further substantiated by the fact that Ms. Strock no longer communicates with the Plaintiff and has offered no explanation as to what happened.

9. The Plaintiff reported the matter to the Queen Anne's County law enforcement authorities, and Officer Brockman, Badge No. 0100 has opened investigative case number 15-22859 related to this matter.

10. The Plaintiff presented the above facts to counsel for American Express, and American Express acknowledged that the account with American Express was fraudulently opened, and removed the adverse credit reporting from Plaintiff's credit reports.

11. At this point in time, however, JP Morgan Chase Bank, N.A., and Capital One, N.A., have repeatedly refused to acknowledge that the accounts were fraudulently opened.

12. Both Defendant banks have taken the position that because Ms. Strock used the cards to buy airline tickets for both the Plaintiff and herself, that the Plaintiff, by accepting some benefit from the credit accounts, is therefore liable for the entire balance on both accounts.

13. To the contrary, there could be no ratification of the opening of these accounts absent the Plaintiff having known at the time of using the airline tickets that the accounts had been opened in his name.

14. The Plaintiff did not know about the fraudulently opened accounts at the time of receiving a benefit from the accounts, and therefore did not ratify the fraudulent accounts.

15. When the Plaintiff learned of the fraudulent accounts, he took prompt action by notifying the Defendant banks of the fraudulent accounts.

16. The Plaintiff offered to pay the Defendant bank JP Morgan Chase Bank, N.A., the cost of the airline ticket that he received, as equitable restitution for the benefits he received, but that offer was rejected.

17. The Plaintiff offered to pay the Defendant Capital One, N.A., the cost of the airline ticket that he received, as equitable restitution for the benefits he received, but that offer was rejected.

18. The Defendant JP Morgan Chase Bank, N.A., has made adverse reporting against the Plaintiff to the three major credit bureaus, Experian, Equifax, and Transunion. The Plaintiff has asked that JP Morgan Chase Bank, N.A., withdraw its inaccurate reporting, and that request was refused.

19.     The Defendant Capital One, N.A., has made adverse reporting against the Plaintiff to the three major credit bureaus, Experian, Equifax, and Transunion. The Plaintiff has asked Capital One Bank, N.A., to withdraw its inaccurate reporting, and that request was refused.

## COUNT I
## Declaratory Judgment
## Both Defendants

20.     The Plaintiff incorporates the above paragraphs as though set forth fully under this Count.

21.     The Defendants are wrongly asserting that the Plaintiff opened the accounts in question, and therefore owes debts under those accounts, which the Plaintiff does not owe.

22.     This dispute presents an actual case or controversy between the Plaintiff and the Defendants, which is suitable to resolution by declaratory judgment.

WHEREFORE, the Plaintiff prays:

A.      That this Court enter a Declaratory Judgment that the Plaintiff did not open the accounts in question as alleged by Defendants, and does not owe any debt to the Defendants other than what the Defendants might prove at equity by counter-claim; and,

B.      For whatever other relief the justice of the cause demands.

## COUNT II
## Both Defendants
## Negligence

23.     The Plaintiff incorporates the above paragraphs as though set forth fully under this Count.

24. Both Defendants were negligent in allowing a third party to open accounts in the Plaintiff's name, without implementing any security procedures to verify that the Plaintiff was in fact the party opening the accounts.

25. The negligence of the Defendants allowed a third party to open accounts in the Plaintiff's name, which has caused the Plaintiff annoyance, aggravation, and has hindered his ability to obtain credit.

WHEREFORE, the Plaintiff prays:

A. That a judgment be entered in favor of Plaintiff and against Defendant JP Morgan Chase Bank, N.A., in the amount of $20,000.00; and,

B. That a separate and several judgment be entered in favor of Plaintiff and against Defendant Capital One, N.A., in the amount of $20,000.00; and,

C. For whatever other relief the justice of the cause requires.

## COUNT III
## Both Defendants
## Fair Credit Reporting Act

26. The Plaintiff incorporates the above paragraphs as though set forth fully under this Count.

27. The Defendants have continued to report that the Plaintiff owes an alleged debt to the Defendants, and in so doing, have violated the Federal Fair Credit Reporting Act.

28. The Defendants have continued to willfully and intentionally violate the Federal Fair Credit Reporting Act after being fully apprised of the respective accounts being opened as a result of fraud.

29. The Defendants at all times relevant either knew or should have known that the Defendants did not have a right to attempt to collect the alleged debts, as a matter of law.

30. The Defendants nevertheless attempted to collect the alleged debts by extortionate false credit reporting that was and is injurious to the Plaintiff, and did cause him great annoyance, aggravation, and damage to his credit rating and ability to obtain credit.

WHEREFORE, the Plaintiff prays:

A. That a judgment be entered in favor of Plaintiff and against Defendant JP Morgan Chase Bank, N.A., in the amount of $20,000.00 in actual damages, and in an amount of punitive damages within the discretion of the finder of fact; and,

B. That a separate and several judgment be entered in favor of Plaintiff and against Defendant Capital One, N.A., in the amount of $20,000.00 in actual damages, and in an amount of punitive damages within the discretion of the finder of fact; and,

C. For attorneys' fees and the costs of this action as allowed under the Federal Fair Credit Reporting Act; and,

D. For attorneys' fees and the costs of this action under Maryland Rule 1-341, as there appears to be no good faith basis for the Defendants' position, as a matter of law; and,

E. For whatever other relief the justice of the cause requires.

Respectfully submitted,

_____
Nevin L. Young

_____
Elizabeth M. Burlington

Burlington & Young, LLP
109 Rabbit Hill Road
Church Hill, Maryland 21623
(t) 410-710-9622
(f) 410-510-1208
nyoung@burlingtonyounglaw.com

PRAYER FOR JURY TRIAL

Dear Sir/Madam Clerk:

The Plaintiff hereby demands a trial by jury on all matters triable by jury.

_____
NEVIN L. YOUNG